UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LISA S. ENSEY, AS PARENT and
STATUTORY GUARDIAN ON BEHALF OF
D.E., MINOR,

and

KIMBERLY HUNT, AS LEGAL GUARDIAN
ON BEHALF OF J.T., MINOR

         PLAINTIFFS

v.

SHELTER GENERAL INSURANCE COMPANY
and SHELTER MUTUAL INSURANCE
COMPANY

         DEFENDANTS

ACTION NO. _3:17-cv-642-TBR_

*ELECTRONICALLY FILED*

**NOTICE OF REMOVAL**

Please take notice that pursuant to 28 U.S.C. §1441, et. seq. Defendants, Shelter General

Insurance Company ("Shelter General") and Shelter Mutual Insurance Company, ("Shelter

Mutual"), hereby give notice of removal of the above-captioned case, Civil Action No. 17-CI-

004895, commenced in the Jefferson Circuit Court, Division 8, Louisville, Kentucky, to this

Court.  In support of removal, the Defendants state as follows:

     1.    On September 15, 2017, the Plaintiffs, Lisa S. Ensey, as Parent and Statutory

Guardian on behalf of D.E., a minor and Kimberly Hunt, as Legal Guardian on behalf of J.T., a

minor, filed a lawsuit in Jefferson Circuit Court, Division 8, Civil Branch, Commonwealth of

Kentucky, styled Lisa S. Ensey, as Parent and Statutory Guardian on behalf of D.E., Minor and

Kimberly Hunt, as Legal Guardian on behalf of J.T., Minor v. Shelter General Insurance

Company and Shelter Mutual Insurance Company, Case No. 17-CI-004895.  Plaintiffs are the

parents of two minors who attended Kidz University, Inc., a daycare facility in Louisville.

Carrie Blankenship was the Director of Kidz University, Inc.  In an underlying Jefferson Circuit

Court Suit (15-CI-006458), Plaintiffs alleged Ms. Blankenship, as Director of Kidz University, Inc., assaulted these two minors who were under her care.  Furthermore, they alleged Ms. Blankenship failed to adequately train and supervise another employee, who also assaulted the minors.  Ms. Blankenship pleaded guilty to two charges of misdemeanor assault as a result of these actions.  During this time, Ms. Blankenship was insured under a homeowners policy with Shelter Mutual.  When Shelter Mutual was notified of the suit, almost ten months after Ms. Blankenship was served, Shelter Mutual denied coverage.  Plaintiffs proceeded to trial against Ms. Blankenship, who appeared *pro so*, and secured a total judgment of $4,000,000.  This judgment was entered on May 31, 2017. Plaintiffs demanded payment from Shelter Mutual of $4,000,000. Shelter refused payment. In response, Plaintiffs filed this suit against Shelter Mutual and Shelter General alleging Defendants lacked a reasonable basis in law and fact for denying coverage to Ms. Blankenship. Plaintiffs have asserted claims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, violation of the Kentucky Unfair Claims Settlement Practices Act (KRS 304.12-230), unfair trade practices, intentional infliction of emotional distress, and negligent infliction of emotional distress, all of which allegedly stem from Defendants' denial of coverage in the underlying case.  (Copies of the Complaint and Summonses filed in this matter are attached as Exhibits 1 and 2).

2.      This notice of removal is timely pursuant to 28 U.S.C. § 1441 in that the Complaint and Summons were served upon the Defendants via the Kentucky Secretary of State by mail on September 26, 2017.  (Attached as Exhibit 3).

3.      The above described action is one which may be removed by the Defendants pursuant to the provisions of 28 U.S.C. §1441 on the basis of diversity jurisdiction, as indicated by the following circumstances:

2

(a)     Plaintiffs, Lisa S. Ensey, as Parent and Statutory Guardian on behalf of D.E., Minor and Kimberly Hunt, as Legal Guardian on behalf of J.T., Minor, are individuals who are and were at the commencement of this action citizens and residents of the Commonwealth of Kentucky.  (See Plaintiffs' Complaint, paragraph 1, of the Section entitled "THE PARTIES," attached as Exhibit 1).

(b)     Defendant Shelter General is a corporation, which is and was at the commencement of this action organized and existing under the laws of the State of Missouri with its principal place of business at 1817 West Broadway, Columbia, Missouri, 65218.  Shelter General is not incorporated in the Commonwealth of Kentucky, nor does it have a principal office or place of business in Kentucky.  Shelter General is not a citizen of Kentucky.

(c)     Defendant Shelter Mutual is a corporation, which is and was at the commencement of this action organized and existing under the laws of the State of Missouri with its principal place of business at 1817 West Broadway, Columbia, Missouri, 65218.  Shelter Mutual is not incorporated in the Commonwealth of Kentucky, nor does it have a principal office or place of business in Kentucky.  Shelter Mutual is not a citizen of Kentucky.

4.     Given the facts and circumstances set forth above, this action, which was brought before the Jefferson Circuit Court, constitutes an action which originally could have been brought before this Court pursuant to Title 28 U.S.C. §1332 and which may be removed by Defendants herein pursuant to Title 28 U.S.C. §1441(a).

5.     The value of the matter in controversy in this action exceeds $75,000, exclusive of interest and costs, as appears from the allegations contained in Plaintiffs' Prayer for Relief, Plaintiffs are seeking (1) general damages in excess of Shelter Mutual's policy limits of $100,000; (2) special damages of $4,000,000; (3) punitive damages; (4) attorneys' fees and costs; and (5) interest on the $$4,000,000 judgment at a rate of 12% per year beginning on May

31, 2017. (See Plaintiffs' Complaint at paragraphs 1 through 5 of the Prayer for Relief, attached as Exhibit 1).

 6. The pleadings in the record of this case are as follows: the Complaint, Summonses, and Answer to Complaint, copies of which are attached as Exhibits 1, 2 and 4 respectively.

 7. This Notice of Removal is being filed within thirty (30) days after receipt of the copies of the Summonses and Complaint in this action and the time for filing this Notice of Removal under 28 U.S.C. §1446 has not expired.

 8. Pursuant to 28 U.S.C. §1446(d) as amended on November 19, 1988, a Removal Bond is no longer required with a Notice of Removal.

 9. Written notice of the filing of this Notice of Removal will be given to all adverse parties in accordance with 28 U.S.C. §1446.

 10. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Jefferson County, Kentucky in accordance with 28 U.S.C. §1446.

 WHEREFORE, Defendants, Shelter General Insurance Company and Shelter Mutual Insurance Company, give notice that the above-styled action now pending before the Jefferson Circuit Court, Division 8, Civil Branch, Commonwealth of Kentucky, Case No. 17-CI-4895, shall be removed therefrom to this Court.

Respectfully submitted,

*/s/ James W. Taylor*
James W. Taylor (#70008)
Blake C. Nolan (#94248)
TAYLOR LAW GROUP, PLLC
2365 Harrodsburg Road, Suite A200
Lexington, KY  40504
Telephone:  (859) 223-1820
Facsimile:   (859) 223-1822
Email:  jtaylor@ttblegal.com
Email: bnolan@ttblegal.com
COUNSEL FOR DEFENDANTS SHELTER
GENERAL INSURANCE COMPANY AND
SHELTER MUTUAL INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CMECF filing system and served same by first class mail to the following:

| | |
|---|---|
| Jeffrey A. Sexton | John W. Byrnes |
| 325 W. Main Street, Suite 150 | Byrnes Law Office, PLLC |
| Louisville, KY 40202 | 4410 S 3rd St. |
| | Louisville, KY 40214 |

*/s/ James W. Taylor*
Counsel for Defendants Shelter General Insurance
Company and Shelter Mutual Insurance Company